UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA

v.

LEONEL MONARREZ

No. 13 CR 783

Judge Matthew F. Kennelly

## **<u>GOVERNMENT'S PROPOSED JURY INSTRUCTIONS</u>**

Members of the jury, I will now instruct you on the law that you must follow in deciding this case. I will also give you a copy of these instructions to use in the jury room. You must follow all of my instructions about the law, even if you disagree with them. This includes the instructions I gave you before the trial, any instructions I gave you during the trial, and the instructions I am giving you now.

As jurors, you have two duties. Your first duty is to decide the facts from the evidence that you saw and heard here in court. This is your job, not my job or anyone else's job.

Your second duty is to take the law as I give it to you, apply it to the facts, and decide if the government has proved the defendant guilty beyond a reasonable doubt.

You must perform these duties fairly and impartially. Do not let sympathy, prejudice, fear, or public opinion influence you.  In addition, do not let any person's race, color, religion, national ancestry, or gender influence you.

You must not take anything I said or did during the trial as indicating that I have an opinion about the evidence or about what I think your verdict should be.

GOVERNMENT INSTRUCTION NO. 1

Seventh Circuit Pattern (2012) 1.01

The charge against the defendant is in a document called an indictment. You will have a copy of the indictment during your deliberations.

Counts One and Three charge the defendant with possession with intent to distribute a controlled substance.

Count Two charges the defendant with distribution of a controlled substance.

The indictment is simply the formal way of telling the defendant what crimes he is accused of committing. It is not evidence that the defendant is guilty. It does not even raise a suspicion of guilt.

GOVERNMENT INSTRUCTION NO. 2

Seventh Circuit Pattern (2012) 1.02

The defendant is presumed innocent of each and every one of the charges. This presumption continues throughout the case, including during your deliberations. It is not overcome unless, from all the evidence in the case, you are convinced beyond a reasonable doubt that the defendant is guilty as charged.

The government has the burden of proving the defendant's guilt beyond a reasonable doubt. This burden of proof stays with the government throughout the case.

The defendant is never required to prove his innocence. He is not required to produce any evidence at all.

GOVERNMENT INSTRUCTION NO. 3

Seventh Circuit Pattern (2012) 1.03

You must make your decision based only on the evidence that you saw and heard here in court. Do not consider anything you may have seen or heard outside of court, including anything from the newspaper, television, radio, the Internet, or any other source.

The evidence includes only what the witnesses said when they were testifying under oath, the exhibits that I allowed into evidence, and the stipulations that the lawyers agreed to. A stipulation is an agreement that certain facts are true or that a witness would have given certain testimony.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. If what a lawyer said is different from the evidence as you remember it, the evidence is what counts. The lawyers' questions and objections likewise are not evidence.

A lawyer has a duty to object if he thinks a question is improper. If I sustained objections to questions the lawyers asked, you must not speculate on what the answers might have been.

If, during the trial, I struck testimony or exhibits from the record, or told you to disregard something, you must not consider it.

GOVERNMENT INSTRUCTION NO. 4

Seventh Circuit Pattern (2012) 2.01

Give the evidence whatever weight you decide it deserves. Use your common sense in weighing the evidence, and consider the evidence in light of your own everyday experience.

People sometimes look at one fact and conclude from it that another fact exists. This is called an inference. You are allowed to make reasonable inferences, so long as they are based on the evidence.

GOVERNMENT INSTRUCTION NO. 5

Seventh Circuit Pattern (2012) 2.02

You may have heard the terms "direct evidence" and "circumstantial evidence." Direct evidence is evidence that directly proves a fact. Circumstantial evidence is evidence that indirectly proves a fact.

You are to consider both direct and circumstantial evidence. The law does not say that one is better than the other. It is up to you to decide how much weight to give to any evidence, whether direct or circumstantial.

GOVERNMENT INSTRUCTION NO. 6

Seventh Circuit Pattern (2012) 2.03

Do not make any decisions simply by counting the number of witnesses who testified about a certain point.

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses.

What is important is how truthful and accurate the witnesses were and how much weight you think their testimony deserves.

GOVERNMENT INSTRUCTION NO. 7

Seventh Circuit Pattern (2012) 2.04

A defendant has an absolute right not to testify [or present evidence]. You may not consider in any way the fact that the defendant did not testify [or present evidence]. You should not even discuss it in your deliberations.

GOVERNMENT INSTRUCTION NO. 8

Seventh Circuit Pattern (2012) 2.05

Part of your job as jurors is to decide how believable each witness was, and how much weight to give each witness's testimony [, including that of the defendant]. You may accept all of what a witness says, or part of it, or none of it.

Some factors you may consider include:

- the intelligence of the witness;

- the witness's ability and opportunity to see, hear, or know the things the witness testified about;

- the witness's memory;

- the witness's demeanor;

- whether the witness had any bias, prejudice, or other reason to lie or slant the testimony;

- the truthfulness and accuracy of the witness's testimony in light of the other evidence presented; and

- inconsistent statements or conduct by the witness.

GOVERNMENT INSTRUCTION NO. 9

Seventh Circuit Pattern (2012) 3.01

It is proper for an attorney to interview any witness in preparation for trial.

GOVERNMENT INSTRUCTION NO. 10

Seventh Circuit Pattern (2012) 3.02

You have heard testimony from Jesus Ramirez-Padilla, also known as "Gallo," a witness who was promised a benefit in return for his cooperation with the government, namely, a plea agreement calling for a reduced sentence in exchange for truthful cooperation. Jesus Ramirez-Padilla's plea agreement may not be considered as evidence against the defendant. You may give this witness's testimony whatever weight you believe is appropriate, keeping in mind that you must consider that testimony with caution and great care.

GOVERNMENT INSTRUCTION NO. 11

Seventh Circuit Pattern (2012) 3.05

You may consider evidence that a witness was convicted of a crime only in deciding the believability of his testimony. You may not consider it for any other purpose.

GOVERNMENT INSTRUCTION NO. 12

Seventh Circuit Pattern (2012) 3.06(b)

You have heard testimony of an identification of a person. Identification testimony is an expression of the witness's belief or impression. In evaluating this testimony, you should consider the opportunity the witness had to observe the person at the time of the offense and to make a reliable identification later. You should also consider the circumstances under which the witness later made the identification.

The government must prove beyond a reasonable doubt that the defendant is the person who committed the crime that is charged.

GOVERNMENT INSTRUCTION NO. 13

Seventh Circuit Pattern (2012) 3.12

You have heard testimony that the defendant made a statement to Special Agent Robert Fergus. You must decide whether the defendant actually made the statement and, if so, how much weight to give to the statement. In making these decisions, you should consider all of the evidence, including the defendants' personal characteristics and circumstances under which the statement may have been made.

GOVERNMENT INSTRUCTION NO. 14

Seventh Circuit Committee (2012) 3.09

You have heard witnesses, namely, Robert Coleman, Juan de la Cruz, and Martha Salazar, who gave opinions and testimony about certain subjects. You do not have to accept the witnesses' opinions and testimony. You should judge the witnesses' opinions and testimony the same way you judge the testimony of any other witness. In deciding how much weight to give to these opinions and testimony, you should consider the witness's qualifications, how he [or she] reached his [or her] opinions, conclusions, and the factors I have described for determining the believability of testimony.

GOVERNMENT INSTRUCTION NO. 15

Seventh Circuit Pattern (2012) 3.13 (modified)

During the trial, Spanish language recordings were admitted in evidence. You were also given English transcripts of those recordings so you could consider the contents of the recordings. It is up to you to decide whether a transcript is accurate, in whole or in part. You may consider the translator's knowledge, training, and experience, the nature of the conversation, and the reasonableness of the translation in light of all the evidence in the case. You may not rely on any knowledge you may have of the Spanish language. Rather, your consideration of the transcripts should be based on the evidence introduced in the trial.

GOVERNMENT INSTRUCTION NO. 16

Seventh Circuit Pattern (2012) 3.15

Certain summaries were admitted in evidence. You may use those summaries as evidence even though the underlying documents are not here.

It is up to you to decide how much weight to give to the summaries.

GOVERNMENT INSTRUCTION NO. 17

Seventh Circuit Pattern (2012) 3.16 (modified)

[You have heard evidence obtained from the government's use of covert wiretaps, an informant, and deceptive investigative techniques. The government is permitted to use these techniques. You should consider evidence obtained this way together with and in the same way you consider the other evidence.]

GOVERNMENT INSTRUCTION NO. 18

Seventh Circuit Pattern (2012) 3.19 (modified)

Counts One and Three charge the defendant with possession of cocaine with intent to distribute. In order for you to find the defendant guilty of this charge, the government must prove each of the three following elements beyond a reasonable doubt:

1.      The defendant knowingly possessed cocaine;

2.      The defendant intended to distribute the substance to another person; and

3.      The defendant knew the substance was some kind of a controlled substance. The government is not required to prove the defendant knew the substance was cocaine.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt as to the charge you are considering, then you should find the defendant guilty of that charge.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any one of these elements beyond a reasonable doubt as to the charge you are considering, then you should find the defendant not guilty of that charge.

GOVERNMENT INSTRUCTION No. 19

Seventh Circuit Pattern (2012)—21 U.S.C. § 841(a)(1) (Possession with Intent to Distribute)

A person acts knowingly if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident. In deciding whether the defendant acted knowingly, you may consider all of the evidence, including what the defendant did or said.

GOVERNMENT INSTRUCTION NO. 20

Seventh Circuit Pattern (2012) 4.10 (modified)

A person possesses an object if he has the ability and intention to exercise direction or control over the object, either directly or through others. [A person may possess an object even if he is not in physical contact with it [and even if he does not own it].]

[More than one person may possess an object. If two or more persons share possession, that is called "joint" possession. If only one person possesses the object, that is called "sole" possession. The term "possess" in these instructions includes both joint and sole possession.]

GOVERNMENT INSTRUCTION NO. 21

Seventh Circuit Pattern (2012) 4.13 (modified)

Intent to distribute can be inferred from the possession of a quantity of a controlled substance larger than needed for personal use.

GOVERNMENT INSTRUCTION NO. 22

*United States v. Puckett*, 405 F.3d 589, 601 (7th Cir. 2005).

*United States v. Curry*, 79 F.3d 1489, 1498 (7th Cir. 1996).

*United States v. Turner*, 93 F.3d 276, 288 (7th Cir. 1996).

*United States v. Velasquez*, 67 F.3d 650, 653 (7th Cir. 1995)

Count Two of the indictment charges defendant with distribution of cocaine. In order for you to find defendant guilty of this charge, the government must prove both of the following elements beyond a reasonable doubt:

1.      The defendant knowingly distributed cocaine; and

2.      The defendant knew the substance was some kind of a controlled substance. The government is not required to prove that the defendant knew the substance was cocaine.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt, then you should find the defendant guilty.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any one of these elements beyond a reasonable doubt, then you should find the defendant not guilty.

GOVERNMENT INSTRUCTION NO. 23

Seventh Circuit Pattern (2012)—21 U.S.C. § 841(a)(1) (Distribution)

A person "distributes" a controlled substance if he [delivers or transfers possession of the controlled substance to someone else] [or] [causes a person to deliver or transfer possession of the controlled substance to another person].

GOVERNMENT INSTRUCTION NO. 24

Seventh Circuit Pattern (2012) 5.08(B)—21 U.S.C. § 841(a)(1) (Definition of Distribution)

Cocaine is a controlled substance.

GOVERNMENT INSTRUCTION No. 25

Seventh Circuit Pattern (2012)—21 U.S.C. § 841(a)(1) (Definition of a controlled substance)

The indictment charges that the crimes happened "on or about" certain dates. The government must prove that the crimes happened reasonably close to those dates. The government is not required to prove that the crimes happened on those exact dates.

GOVERNMENT INSTRUCTION NO. 26

Seventh Circuit Pattern (2012) 4.05

The defendant has been accused of more than one crime. The number of charges is not evidence of guilt and should not influence your decision.

You must consider each charge [and the evidence concerning each charge] separately. Your decision on one charge, whether it is guilty or not guilty, should not influence your decision on any other charge.

GOVERNMENT INSTRUCTION NO. 27

Seventh Circuit Pattern (2012) 4.06

In deciding your verdict, you should not consider the possible punishment for the defendant. If you decide that the government has proved a defendant guilty beyond a reasonable doubt, then it will be my job to decide on the appropriate punishment.

GOVERNMENT INSTRUCTION NO. 28

Seventh Circuit Pattern (2012) 4.08

If you have taken notes during the trial, you may use them during deliberations to help you remember what happened during the trial. You should use your notes only as aids to your memory. The notes are not evidence. All of you should rely on your independent recollection of the evidence, and you should not be unduly influenced by the notes of other jurors. Notes are not entitled to any more weight than the memory or impressions of each juror.

GOVERNMENT INSTRUCTION NO. 29

Seventh Circuit Pattern (2012) 3.18

Once you are all in the jury room, the first thing you should do is choose a foreperson. The foreperson should see to it that your discussions are carried on in an organized way and that everyone has a fair chance to be heard. You may discuss the case only when all jurors are present.

Once you start deliberating, do not communicate about the case or your deliberations with anyone except other members of your jury. You may not communicate with others about the case or your deliberations by any means. This includes oral or written communication, as well as any electronic method of communication, such as telephone, cell phone, smart phone, iPhone, Blackberry, computer, text messaging, instant messaging, the Internet, chat rooms, blogs, websites, or services like Facebook, MySpace, LinkedIn, YouTube, Twitter, or any other method of communication.

If you need to communicate with me while you are deliberating, send a note through the court security officer. The note should be signed by the foreperson, or by one or more members of the jury. To have a complete record of this trial, it is important that you do not communicate with me except by a written note. I may have to talk to the lawyers about your message, so it may take me some time to get back to you. You may continue your deliberations while you wait for my answer. Please be advised that transcripts of trial testimony are not available to you. You must rely on your collective memory of the testimony.

If you send me a message, do not include the breakdown of any votes you may have conducted. In other words, do not tell me that you are split 6–6, or 8–4, or whatever your vote happens to be.

GOVERNMENT INSTRUCTION NO. 30

Seventh Circuit Pattern (2012) 7.01

A verdict form has been prepared for you. You will take this form with you to the jury room.

[Read the verdict form.]

When you have reached unanimous agreement, your foreperson will fill in, date, and sign the verdict form. Each of you will sign it.

Advise the court security officer once you have reached a verdict. When you come back to the courtroom, I will read the verdict aloud.

GOVERNMENT INSTRUCTION NO. 31

Seventh Circuit Pattern (2012) 7.02

The verdict must represent the considered judgment of each juror. Your verdict, whether it is guilty or not guilty, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with each other, express your own views, and listen to your fellow jurors' opinions. Discuss your differences with an open mind. Do not hesitate to re-examine your own view and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence just because of the opinions of your fellow jurors or just so that there can be a unanimous verdict.

The twelve of you should give fair and equal consideration to all the evidence. You should deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror.

You are impartial judges of the facts. Your sole interest is to determine whether the government has proved its case beyond a reasonable doubt.

GOVERNMENT INSTRUCTION NO. 32

Seventh Circuit Pattern (2012) 7.03

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA      )
     )    No.    13 CR 783
       v.        )
     )    Judge Matthew F. Kennelly
LEONEL MONARREZ      )

**<u>VERDICT</u>**

We, the Jury, find the defendant, LEONEL MONARREZ, as follows on Count

One of the indictment:

GUILTY   _____      NOT GUILTY   _____


We, the Jury, find the defendant, LEONEL MONARREZ, as follows on Count

Two of the indictment:

GUILTY   _____      NOT GUILTY   _____


We, the Jury, find the defendant, LEONEL MONARREZ, as follows on Count

Three of the indictment:

GUILTY   _____      NOT GUILTY   _____


_____          _____
FOREPERSON


_____          _____


_____          _____

_____                    _____

_____                    _____

_____                    _____


DATE: _____